UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

(FILED ELECTRONICALLY)

CIVIL ACTION NO. 5:19-cv-162-TBR

UNITED STATES OF AMERICA                                            PLAINTIFF

vs.

SHIRLEY A. RUDDLE                                                   DEFENDANTS
SERVE: Rex Ruddle, Guardian
3900 Gate 3 Road
Paris, TN 38242-8543

ANY UNKNOWN SPOUSE OF SHIRLEY A. RUDDLE
SERVE: Warning Order Attorney

HICKMAN-FULTON COUNTIES
RURAL ELECTRIC COOPERATIVE CORPORATION
SERVE: Registered Agent Debra Weatherford
1702 Moscow Avenue, POB 190
Hickman, KY 42050

## COMPLAINT FOR FORECLOSURE

Plaintiff, the United States of America, states as follows:

1.      This is a mortgage foreclosure action brought by the United States of America on

behalf of its agency, the United States Department of Agriculture Rural Housing Service also

known as Rural Development (hereinafter collectively "RHS").

2.      Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial

division, where the subject property is located.

3.      RHS is the holder of a promissory note ("the First Note") executed for value on

November 19, 1980 by Linda Collier, not a defendant herein.  The principal amount of the First

Note was $35,620.00 bearing interest at the rate of 11.50 percent per annum and payable in

monthly installments as specified in the Note.  A copy of the First Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4.      On or about May 24, 1991, the Defendant **Shirley A. Ruddle, also known as Shirley Ruddle** (hereinafter **"Shirley Ruddle"**), signed and delivered to RHS an Assumption Agreement, a copy of which is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.  In and by the Assumption Agreement, **Shirley Ruddle** became liable to RHS in the amount of $24,886.88 bearing interest at the rate of 8.750 percent per annum and payable in monthly installments as specified in the agreement.

5.      On May 24, 1991, Defendant **Shirley Ruddle** executed for value a promissory note ("Second Note") to RHS in the principal amount of $16,620.00 bearing interest at the rate of 8.750 percent per annum and payable in monthly installments as specified in the Note.  A copy of the Second Note is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6.      Linda Collier conveyed the Property to **Shirley Ruddle**, by Deed dated May 24, 1991, and recorded in Deed Book 89, Page 532, in the Office of the Hickman County Court Clerk.

7.      The Assumption Agreement and the Second Note are secured by a Real Estate Mortgage (the "Mortgage") recorded on May 24, 1991, in Mortgage Book 64, Page 303, in the Office of the Clerk of Hickman County, Kentucky.  Through the Mortgage, **Shirley Ruddle**, unmarried, granted RHS a mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 6968 US Highway 51 South, Fulton, Hickman County, Kentucky (the "Property") and described in more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit D** and incorporated by reference as if set forth fully herein.

8.     To receive subsidies on the loan, Defendant **Shirley Ruddle** signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to **Shirley Ruddle** by RHS.  A copy of the Subsidy Repayment Agreement is attached as **Exhibit E** and incorporated by reference as if set forth fully herein.

9.     Defendant **Shirley Ruddle** has defaulted on the Assumption Agreement, Second Note and Mortgage by failing to make payments when due.

10.     RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable.  Further, RHS sent notice of the default and acceleration of the loan.

11.     In accordance with the loan documents, the United States is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

12.     The unpaid principal balance on the Note is $25,085.87 with accrued interest of $9,153.18 through September 23, 2019, with a total subsidy granted of $27,527.64, late charges in the amount of $70.00, and fees assessed of $26,553.22, for a total unpaid balance of $88,389.91 as of September 23, 2019.  Interest is accruing on the unpaid principal balance at the rate of $11.5472 per day after September 23, 2019.

13.     The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

14.     The United States names **Any Unknown Spouse of Shirley A. Ruddle** as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to

3

the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's

interest, if any, is inferior to the rights of the United States.

15.     Defendant **Hickman-Fulton Counties Rural Electric Cooperative Corporation**

may claim an interest in the Property by virtue of a financing statement recorded on August 18,

1993 in Fixture Filing Book 67, Page 85 in the Hickman County Clerk's Office, a copy of which

is attached as **Exhibit F**.  The interest of this Defendant is inferior in rank and subordinate in

priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon

this Defendant to come forth and assert its interest in or claim upon the Property, if any, and

offer proof thereof, or be forever barred.

16.     There are no other persons or entities purporting to have an interest in the

Property known to the Plaintiff.

17.     **Shirley Ruddle** was declared partially disabled in handling her personal and

financial affairs by the Hickman District Court on May 13, 2015.  A Disability Judgment

declaring Rex Ruddle limited guardian for **Shirley Ruddle** was recorded in the Hickman County

Clerk's office on May 14, 2015 in Miscellaneous Book 1, page 239.  A copy of the Disability

Judgment is attached as **Exhibit G** and incorporated by reference as if set forth fully herein.

18.     Upon information and belief, **Shirley Ruddle** is currently a resident of Tennessee.

Rex Ruddle is believed to be her guardian.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a.      In rem judgment against the interests of the Defendant **Shirley Ruddle** in the

Property in the principal amount of $25,085.87, with accrued interest of $9,153.18 through

September 23, 2019, with a total subsidy granted of $27,527.64, late charges in the amount of

$70.00, and fees assessed of $26,553.22, for a total unpaid balance of $88,389.91 as of

September 23, 2019, with interest accruing at the daily rate of $11.5472 from September 23,

2019, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

b.     That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

c.     That the United States' lien be enforced and the Property be sold in accordance with 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

d.     That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

e.     That the Property be adjudged indivisible and be sold as a whole; and

f.     That the United States receive any and all other lawful relief to which it may be entitled.

UNITED STATES OF AMERICA

RUSSELL M. COLEMAN
United States Attorney

s/ William F. Campbell
William F. Campbell
Katherine A. Bell
Assistant United States Attorneys
717 West Broadway
Louisville, Kentucky  40202
Phone:  502/582-5911
Fax:   502/625-7110
bill.campbell@usdoj.gov
Katherine.bell@usdoj.gov

Form FmHA 440-16
(Rev. 11-10-75)

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**FARMERS HOME ADMINISTRATION**

| KIND OF LOAN |
| --- |
| Type: _____ RH |
| Pursuant to: |
| ☐ Consolidated Farm and Rural Development Act. |
| ☒ Title V of the Housing Act of 1949. |

**PROMISSORY NOTE**

| STATE |
| --- |
| KENTUCKY |
| COUNTY |
| FULTON |
| CASE NO. |

Date ___November 19___ , 19 _80_.

**FOR VALUE RECEIVED,** the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

_____ CLINTON, KENTUCKY _____

THE PRINCIPAL SUM OF _THIRTY FIVE THOUSAND SIX HUNDRED TWENTY AND NO/100————————_

**DOLLARS ($** _35,620.00_————————————————**), plus INTEREST on the UNPAID PRINCIPAL of**

————_ELEVEN AND ONE HALF_———— **PERCENT (**———_11½_——**%) PER ANNUM.**

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due

on _____ , 19 __ . Payment of Principal and later accrued Interest shall be in _____
installments as indicated in the box below;

☐ II.   Principal and Interest payments shall be deferred. The interest accrued to _____ , 19 ____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular
amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below,
when such amounts have been determined.

☐ III.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19 __ , through _____ , 19 __ ,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ IV.   Payments shall not be deferred. Principal and Interest shall be paid in ___396___ installments as indicated
in the box below:

| |
| --- |
| $ _350.00_ _____ on _DECEMBER 19TH_ , 19 __ , and |
| $ _350.00_ _____ thereafter on the ____19TH____ of each _MONTH_ |
| until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness |
| evidenced hereby, if not sooner paid, shall be due and **PAYABLE** ——THIRTY THREE—— ( ——33—— ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments. |

Exhibit A

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

REFINANCING AGREEMENT: If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_Linda Collier_ (SEAL)

LINDA COLLIER                    *(BORROWER)*

_____ (SEAL)

*(SPOUSE)*

Route 1

Fulton, KY    42041

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 35,620.00 | Nov. 19, 1980 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 35,620.00 | |

USDA-FmHA
Form FmHA 1965-15
(Rev. 6-90)

**FORM APPROVED**
**OMB No. 0575-0086**

~~ASSUMPTION AGREEMENT~~
**ASSUMPTION AGREEMENT**
Single-Family Housing Loan(s)

| Type of Loan | RH |
|---|---|
| ☒ Sec. 502 ☐ Non Program ☐ Sec. 504 | |

Case Number:

This Agreement dated __May 24__, 19 **91**, is between the United States of America, acting through the Farmers Home Administration (herein called the Government), and __SHIRLEY RIDDLE__ (herein called Borrower), whose mailing address is __Rt 1, Fulton, KY 42041__

The Government is the holder of debt instrument(s) secured by the following described security instrument(s) executed by __LINDA COLLER__

Case Number _____, on real property described therein which is located in __FULTON__ County, State of __KENTUCKY__

| Type Instrument | Date Executed | Office Where Recorded | Book/Volume/ Document Number | Page Number |
|---|---|---|---|---|
| Real Est. Mort. | 11/19/80 | Hickman Co. Court Clerk | Mtg. Book #55 | 511 |

In consideration of the assumption of indebtedness as herein provided and the Government's consent to this assumption and related conveyance of the security property, if applicable, it is agreed as follows:

1. Borrower hereby assumes liability for and agrees to pay to the order of the Government at the office of the Farmers Home Administration shown below (or other location as may later be specified) the principal sum of _____ TWENTY FOUR THOUSAND, EIGHT HUNDRED EIGHTY SIX AND 88/100__ dollars ($ __24,886.88__) plus interest at the rate of **EIGHT AND THREE FOURTHS** percent ( **8.7500** %) per annum, payable in installments as follows:

$ __193.00__ on __June 24__, 19 **91**, and

$ __193.00__ thereafter on the __24th__ of each __month__ until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable **THIRTY THREE** ( __33__ ) years from the date of this Agreement.

2. Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

3. The provisions of the debt instrument(s) hereby assumed shall, except as modified herein, remain in full force and effect, and Borrower hereby assumes the obligations of and agrees to comply with all covenants, agreements, and conditions contained in said instrument(s), as modified herein, as though Borrower had executed them as of the date thereof as principal obligor(s).

4. Provisions of the debt and security instrument(s) which require that the borrower occupy the FmHA-financed dwelling or graduate to another credit source do not apply to assumption on ineligible (Non Program) terms.

5. This Agreement is subject to present regulations of the Farmers Home Administration and to its future regulations which are not consistent with the express provisions hereof.

_____
(Co-signer)

**UNITED STATES OF AMERICA**
**FARMERS HOME ADMINISTRATION**

By _Phillip D. Elder_

Title __Acting County Supervisor__

Date __May 24, 1991__

FmHA County Office Address: __P.____ ox 141, Clinton, KY__

COPY 2 - COUNTY OFFICE CASE FILE

_Shirley Riddle_
SHIRLEY RIDDLE   *Borrower*

_____
*Borrower*

Former Borrower Released From
Liability **yes**

**Exhibit B**

USDA-FmHA
Form FmHA 1940-16
(Rev. 8/87)

**PROMISSORY NOTE**

| TYPE OF LOAN |
|---|
| RH   502 |

| STATE | Kentucky |
|---|---|
| COUNTY | Fulton |
| CASE NO | ▓▓▓▓▓▓ |

Date **May 24th,**_____, 19 **91**

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in ____**Clinton,**____

_____**Kentucky**_____

THE PRINCIPAL SUM OF   **SIXTEEN THOUSAND SIX HUNDRED TWENTY**

DOLLARS ($____**16,620.00**____), plus INTEREST on the UNPAID PRINCIPAL of

**EIGHT AND THREE/FOURTHS**____ PERCENT (____**8.750**____%) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____, 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____.

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in ____**396**____ installments as indicated in the box below:

| $____**129.00**____ | on ____**June 24th**____, 19 **91**, and |
|---|---|

$____**129.00**____ thereafter on the ____**24th**____ of each ____**month**____

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE **THIRTY-THREE** ( **33** ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

*Exhibit C*

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_Shirley A. Ruddle_ (SEAL)
(BORROWER)

_____ (SEAL)
(SPOUSE)

_____

_____

_____

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 16,620.00 | 05-24-91 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 16,620.00 | 5-24-91 |

★ U.S. Government Printing Office 1987—723-431/61518

*Position 2*                    FmHA 1940-16 (Rev. 8/87)

USDA-FmHA
Form FmHA 427-1 KY
(Rev. 10-89)

Position 5

Case No. ████████

## REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is made and entered into by    SHIRLEY A. RUDDLE, Single

residing in ____Fulton_____ County, Kentucky, whose post office

address is ____Route 1, Fulton_____, Kentucky____42041____,
herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 05-24-91 | $24,886.88 | 08.7500% | 05-24-2024 |
| 05-24-91 | $16,620.00 | 08.7500% | 05-24-2024 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Adminstration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky,

County(ies) of ____Hickman_____ :

SEE ATTACHED SHEET FOR DESCRIPTION AND SOURCE OF TITLE

FmHA 427-1 KY (Rev. 10-89)

Exhibit D

being the same (or part of the same) land conveyed*

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)  To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)  To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)  If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)  Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)  All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)  To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)  To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)  To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)  To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government–whether once or often–in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21)  Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

Given under the hand(s) and seal(s) of Borrower this _____ 24 _____ day of _____ May _____, 19 91.

_Shirley A. Ruddle_ (SEAL)

_____ (SEAL)

**STATE OF KENTUCKY**
COUNTY OF ___ HICKMAN ___ }ss.:

Before me, _____, a Notary Public in and for

the County of ___ Hickman ___ personally appeared ___ Shirley A. Ruddle ___

_____ and _____, his wife,

who acknowledged that they executed the foregoing instrument on the _____ 24th _____

day of ___ May ___, 19 91, as their free act and deed.

WITNESS my hand and official seal this _____ 24 _____ day of ___ May ___, 19 91.

_____
Notary Public

(SEAL)
My commission expires: ___ 09-16-93 ___

### PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

Thomas H. Bugg
(name)
ROBERTS, BUGG & MORRIS, Attorneys at Law, 217 E. Clay Street, Clinton, Kentucky 42031
(address)

_Thomas H. Bugg_
(Signature)

### RECORDER'S CERTIFICATE

**STATE OF KENTUCKY**
COUNTY OF ___ HICKMAN ___ }ss.:

I, ___ Sophia Barclay, ___, Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the _____ 24th _____ day of ___ May ___, 19 91, lodged for record

at 3:05 o'clock P. M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this _____ 24th _____ day of ___ May ___, 19 91.

Mtg Bk - 64
p - 303

_Sophia Barclay_
Clerk of _____ County Court
By _____, D.C.

*Position 5*

**USDA-FmHA**
F·   FmHA 427-1 KY

Being a lot located on the northeast side of U.S. Highway #51 on the Hickman-Fulton County line in Hickman County and on the opposite side of the point where Kentucky Highway #924 runs west to Crutchfield, Kentucky, and being a part of the Southwest Quarter of Section 6, Township 1, Range 2, West, and containing an area of 0.95 acres, more or less, and more particularly described as follows:
BEGINNING at a steel stake on the northeast right-of-way of U.S. Highway #51, and 30 feet northeast of the center of the asphalt pavement of the highway, said point is the southwest corner of this lot and a southeast corner of a lot owned by W.W. Shelton, for reference, said point is 4.7 feet southwest of a fence corner post; thence south-eastward with the northeast right of way of Highway #51, S. 61° 30' E, 283.0 feet to a steel stake, the southeast corner of this lot and the southwest corner of a lot owned by Cloyce Veatch, for reference said point is 10.9 feet northeast of the concrete headwall of a culvert under the highway; thence northeast with the northwest line of the Veatch lot, N 27° 55' E, 145.4 feet to a steel stake in a fence line, the southwest line of a tract owned by W.W. Shelton, the northeast corner of this lot and the northwest corner of the Veatch lot; thence northwestward with Shelton's tract southwest line and a property line fence, N. 60° 47' W., 276.8 feet to a steel stake on the southeast side of a corner post on the southwest line of the Shelton tract, said point is the northwest corner of this lot and the northeast corner of the here-before mentioned W.W. Shelton's lot; thence southwest with Shelton's lot southeast line and a property line fence, S. 29° 53' W., 148.9 feet to the point of beginning and containing 0.95 acres, more or less.

This lot is subject to any existing water line or telephone easement along the highway right-of-way.

This lot is generall the southeast 3/4 of a lot deeded by Phillip Brown to W.W. Shelton November 28th, 1973, and as recorded in Deed Book 70, Page 548.

Surveyed September 16, 1980, by James A. Weaks, Civil Engineer No. 1418.

BEING THE SAME LANDS CONVEYED BY Linda Collier to Shirley A. Ruddle by deed dated the _24th_ day of May, 1991, and recorded in Deed Book _89_, Page _532_, records of the Hickman County Court Clerk's Office.

DESCRIPTION AND SOURCE OF TITLE

FmHA Instruction 1951-I
Exhibit A

## UNITED STATES DEPARTMENT OF AGRICULTURE
### FARMERS HOME ADMINISTRATION

### Subsidy Repayment Agreement

Date of Note (Assumption) 5-24-91  Amount of Note (Assumption) $24,886.88  Date of mortgage 05-24-91

Date of Note 5-24-91  Amount of Note $16,620.00  Date of mortgage 05-24-91

Type of assistance:

1. Interest credit [XXX]
2. Homeownership Assistance Program [ / ]

Address of Property:   Route 1

Fulton, Kentucky 42041

BORROWER:   Shirley A. Ruddle

CO-BORROWER:

1    This agreement entered into pursuant to 7 CFR 1951-I, between the United States of America, acting through the Farmers Home Administration (FmHA) (herein called "the Government") pursuant to section 521 of Title V of the Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears above (herein sometimes referred to as "borrower"), supplements the note(s) from borrower to the Government as described above, and any promissory note(s) for loans made to borrower in the future by the Government. Such future notes, when executed, will be listed below the signature line of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the repayment of the subsidy granted me (us) in the form of interest credits or Homeownership Assistance Program (HOAP) subsidy (hereinafter called "subsidy").

3    I (we) agree that the real property described in the mortgage(s) listed above is pledged as security for repayment of the subsidy received or to be received. I (we) agree that the subsidy is due and payable upon the transfer of title or non-occupancy of the property by me (us). I (we) understand that the real estate securing the loan(s) is the only security for the subsidy received. I (we) further understand that I (we) will not be required to repay any of the subsidy from other than the value (as determined by the Government) of the real estate, mortgaged by myself (ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)  SPECIAL PN

Exhibit E

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us).  If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid.  The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

(a)  Unpaid balance of loans secured by a prior mortgage as well as
real estate taxes and assessments levied against the property which
are due will be paid.

(b)  Unpaid principal and interest owed on FmHA RH loans for the
property and advances made by FmHA which were not subsidy and are
still due and payable will be paid to the Government.

(c)  I (we) will receive from the sale proceeds actual expenses
incurred by me (us) necessary to sell the property.  These may include
sales commissions or advertising cost, appraisal fees, legal and
related costs such as deed preparation and transfer taxes.  Expenses
incurred by me (us) in preparing the property for sale are not allowed
unless authorized by the Government prior to incurring such expenses.
Such expenses will be authorized only when FmHA determines such expenses
are necessary to sell the property, or will likely result in a return
greater than the expense being incurred.

(d)  I (we) will receive the amount of principal paid off on the
loan calculated at the promissory note interest rate.

(e)  Any principal reduction attributed to subsidized interest
calculations will be paid to the Government.

(f)  I (we) will receive my original equity which is the difference
between the market value of the security, as determined by the
FmHA appraisal at the time the first loan subject to recapture of
subsidy was made, and the amount of the FmHA loan(s) and any
prior lien.  This amount is ____$0.00____ and represents
____0____ percent of the market value of the security.  (The

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:     n/a   .  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7    When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.

_Shirley A. Ruddle_ Borrower
_____ Co-Borrower

_05-24-91_
Date signed

Accepted and agreed to
By _____ (FmHA Official)
_____ (Title)
_5/29/91_
Date

o0o

This Financing statement is presented to a filing officer for filing pursuant to the Uniform Commercial Code. | 3. Maturity date (if any): 8/2003   85

| 1. Debtor(s) (Last Name First) and address(es) | 2. Secured Party(ies) and address(es) | For Filing Officer (Date, Time, Number, and Filing Office) |
|---|---|---|
| Ruddle, Shirley<br>Route 1, Box 154<br>Fulton, KY 42041 | Hickman-Fulton Cos. RECC<br>P.O. Box 190<br>Hickman, KY 42050 | $10.50 recording fee |

4. This financing statement covers the following types (or items) of property: FIXTURE FILING

3 ton Ruud pkg. Heat Pump ; 10 Storm Windows

| The above described goods are affixed or to be affixed to:<br>Shirley Ruddle          Deed Book No. __89__<br>Route 1, Box 154        Page No. __532__<br>Fulton, KY 42041<br><br>This financing statement is to be cross-indexed in the Real<br>Estate Mortgage Records.   Total amount of indebtedness under<br>my contingencies $ __3575.10__ | 5. Assignee(s) of Secured Party and Address(es) |
|---|---|

s statement is filed without the debtor's signature to perfect a security interest in collateral. (check ☒ if so):
☐ already subject to a security interest in another jurisdiction when it was brought into this state.
☐ which is proceeds of the original collateral described above in which a security interest was perfected.

Check ☒ if covered: X! Proceeds of Collateral are also covered. ☐ Products of Collateral are also covered. No. of additional Sheets presented:

Filed with:  Hickman County

| Shirley Ruddle | | Hickman-Fulton Cos. RECC |
|---|---|---|
| By: *Shirley A. Ruddle*<br>(Signature(s) of Debtor(s) | | By: *Debbie Weatherford*<br>(Signature(s) of Secured Party(ies) |

(1) Filing Officer Copy - Alphabetical        STANDARD FORM - FORM UCC-1.

STATE OF KENTUCKY, COUNTY OF HICKMAN, SCT.

I, Sophia Barclay, County Clerk of the County
and State aforesaid, do certify that the foregoing
was on the _18th_ day of _August_ 19_93_,
at _12:15 p._ m., lodged in my office for record
and that it and this certificate were recorded in
my said office.
WITNESS my hand, this _18th_ day of _Aug_.
19_93_.
Book _67_    Sophia Barclay, County Clerk
Page _85_
        By _V. Barclay_          DC

Exhibit F

FILED / ENTERED        05/13/2019 12:48 PM EST      Cinda Yates, Hickman Circuit Clerk

| AOC-785 | Doc Code: JDIS | Case No. 15-H-00002-001 |
| Rev. 3-07 | | |
| Page 1 of 1 | | Court _____ District _____ |
| Commonwealth of Kentucky | | County _____ Hickman |
| Court of Justice    www.courts.ky.gov | DISABILITY | Division _____ Probate |
| KRS 387.560; 304.*45 | JUDGMENT | |

☑ Informal    ☐ Other

RUDDLE, REX
PETITIONER,

VS.

SHIRLEY        RUDDLE
RESPONDENT

Date of Birth        Social Security Number
                     (not required)

* * * * * * * * * *

The Respondent, having been duly examined, represented by counsel and ☑ present ☐ not present in court before a jury, which returned a verdict of:

☐ Not disabled in managing his/her ☐ personal affairs or ☐ financial resources.
☑ Partially disabled in managing his/her ☑ personal affairs ☑ financial resources.
☐ Wholly disabled in managing his/her ☐ personal affairs ☐ financial resources ☐ both personal affairs and financial resources.

IT IS HEREBY ORDERED that the Respondent

☐ Is not disabled as defined in KRS 387
☑ Is partially disabled in managing his/her ☑ personal affairs ☑ financial resources as defined in KRS 387 and a ☑ limited guardian ☑ limited conservator shall be appointed.
☐ Is wholly disabled in managing his/her ☐ personal affairs ☐ financial resources as defined in KRS 387 ☐ both personal affairs and financial resources as defined in KRS Chapter 387 and a ☐ guardian ☐ conservator shall be appointed.

THE COURT FURTHER ORDERS, pursuant to KRS 387.560(3)(c) and 387.600(10), regarding the right to vote (check one):

☑ The right to vote SHALL be retained.
☐ The right to vote SHALL NOT be retained.  Find age(s): _____

(Clerk: If this box is checked, mail certified copy to State Board of Elections, 140 Walnut Street, Frankfort, Kentucky 40601).

There being no just cause for delay, this is a final and appealable order    Electronically Signed By:

5-13-2015                                              /s/ Hunter Whitesell
Judge Date                                                      Judge

TAHTY HHGUYEDD.GU.N.....        Please print or type the Judge's name in the space
Copy Distribution:                                provided below:
Original - Court file
Certified Copies: Guardian / Conservator        70:002 HON. HUNTER B. WHITESELL
County Clerk
(Clerk - Same word or person shall not retain the right to vote.)

Copies:   Petitioner / Attorney
          Respondent / Attorney
C.C.      Agency(ies) / Entities named on Petition
          Facility where or person with whom Respondent resides

FILED / ENTERED        05/13/2019 12:48 PM EST      Cinda Yates, Hickman Circuit Clerk

Exhibit G

HICKMAN COUNTY
**MO1   PG239**

DOCUMENT ID:   54925
RECORDED ON:May 14, 2015 03:25:00PM
COUNTY CLERK: JAMES BERRY
COUNTY: HICKMAN COUNTY
BOOK: OR01  PAGE: 239 - 239  DEEDER

Signed by: Corinne Reed

I, CINDA YATES, CLERK OF THE HICKMAN
CIRCUIT COURT, DO HEREBY CERTIFY THAT
THE ABOVE _____ Order _____ IS A TRUE AND
CORRECT COPY AS AFORESAID IN MY OFFICE
IN HICKMAN COUNTY, CLINTON, KENTUCKY
This __13__ Day of __May__ 2015
Cinda Yates _____ CLERK
BY __T. Williams__ D.C.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

SHIRLEY A. RUDDLE, ET AL.

County of Residence of First Listed Defendant   FULTON
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

☑ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☑ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☑ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN     (Place an "X" in One Box Only)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTION 1345

Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
$88,389.91

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☑ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE
10/28/2019

SIGNATURE OF ATTORNEY OF RECORD
s/ William F. Campbell

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# United States District Court

### WESTERN      DISTRICT OF      KENTUCKY
### AT PADUCAH

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Shirley A. Ruddle, et al.

**TO:**    (Name & Address of Defendant)

     SHIRLEY A. RUDDLE
     SERVE: Rex Ruddle, Guardian
     3900 Gate 3 Road
     Paris, TN 38242-8543

     **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

       William F. Campbell
       Assistant U.S. Attorney
       United States Attorney's Office
       717 West Broadway
       Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
**CLERK**                                                 DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age

and    discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____      _____
                Date                        Signature of Server

_____

[1]    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# United States District Court

_____WESTERN_____ DISTRICT OF _____KENTUCKY_____
AT PADUCAH

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Shirley A. Ruddle, et al.

**TO:**   (Name & Address of Defendant)

HICKMAN-FULTON COUNTIES
RURAL ELECTRIC COOPERATIVE CORPORATION
SERVE: Registered Agent Debra Weatherford
1702 Moscow Avenue, POB 190
Hickman, KY 42050

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____   _____
**CLERK**                                                                                      DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.


Executed on    _____    _____
                        Date                                     Signature of Server

_____

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**